Linda **WHITMIRE–HARRIS,** Appellant,

v.

**STATE of Oklahoma,** Appellee.

No. F 91–1204.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1993.

---

## *ORDER GRANTING MOTION TO REVERSE CONVICTION AND REMAND FOR NEW TRIAL BASED UPON LACK OF ADEQUATE RECORD ON APPEAL*

Appellant, by and through appellate counsel, filed pleadings in this Court alleging the Trial Court Reporter had been dilatory in providing transcripts from Sequoyah County District Court Case No. CRF–90–199. An appeal of this conviction has been initiated in this Court. Appellant requested an order from this Court directing the Court Reporter to provide the transcripts as required by 22 O.S.Supp.1992, § 1362.

On March 11, 1993, we remanded this matter to the District Court of Sequoyah County to make findings of fact regarding whether a complete record had been filed in this appeal. The District Court was directed to address each item requested in the Designation of Record filed in the District Court June 21, 1991, and also the contentions of counsel for Appellant as set forth

in her pleading and affidavit filed January 21, 1993, together with the supplement filed February 25, 1993. The District Court was also directed to advise a date when this record would be complete.

A Transcript of the hearing held March 26, 1993, on remand with the District Court's findings of fact was filed in this Court March 31, 1993. The Honorable A.J. Henshaw found the transcripts had been substantially completed but that parts of the transcript previously filed appeared to be in error and needed to be corrected. The Appellate Public Defender's Office requested, and the District Court ordered, that a copy of the Court Reporter's audio tapes be provided to the Appellate Indigent Defense Attorney since the errors which had been discovered gave grounds for doubt on the part of the Appellate Indigent Defense System that the transcripts certified were in fact accurate. Judge Henshaw also noted he had been advised by the Court Reporter on June 5, 1992, and again on June 15, 1992, that the entire record was complete and had been filed with the Court of Criminal Appeals. The March 11, 1993, order by this Court was the first indication the District Court had regarding the incompleteness of this record.

A review of the certificate in each transcript refiled with the Court raised questions in the minds of this Court whether full and complete transcripts had been filed and whether the transcripts had been reviewed as directed by Judge Henshaw.

Therefore, on April 16, 1993, we ordered the Court Reporter to file by affidavit and certificate on or before April 30, 1993, a statement as to whether all items designated of record had been filed, whether all items had been reviewed for correctness and a new certification of the transcripts could be issued.

We also ordered the attorney for Appellant to review the refiled records and provide this Court a statement as to the results of her review and the accuracy of the record before May 3, 1993. On May 3, 1993, Mary Bruehl, attorney for Appellant, appeared. Due to voluminous discrepancies found in the corrected transcripts, Ms.

Bruehl requested additional time in which to complete her review as directed by this Court.

On May 3, 1993, an Affidavit was filed by the Court Reporter stating that all items designated of record had been filed as of April 26, 1993, and all copies of tapes of proceedings were furnished to the Appellate Public Defenders office on April 24, 1993, and all items had been reviewed for correctness and a new Certificate was issued April 23, 1993.

On May 12, 1993, a thirteen page statement was filed by Ms. Bruehl, attorney for Appellant, regarding her review of the transcripts for completeness and accuracy. Ms. Bruehl concluded, and documented, that the transcripts were not complete because they were not accurate. Ms. Bruehl stated that throughout the transcripts there were missing words, paragraphs, and segments of testimony and legal arguments. Ms. Bruehl's review required 71.75 hours.

In an order issued May 19, 1993, we ordered the Court Reporter be provided a copy of the statement filed by Mary Bruehl, together with a copy of the order, and appear in person before the Court en banc on June 9, 1993, and show cause why we should not find she failed to comply with the previous orders of the Court.

The hearing, rescheduled, was held June 16, 1993, at 2:00 p.m. Three other felony appeals reported by the same Court Reporter and in which the appellants in each case had filed applications for writs of mandamus seeking correct transcripts or reversal for lack of complete transcripts on appeal, were combined for purposes of this hearing only.

The Court Reporter, represented by counsel, appeared and testified under oath regarding accuracy and completion of the transcripts. Under oath, the Court Reporter stated the transcripts were accurate and complete at that time. The Court Reporter indicated that in some of the cases she executed certification for the transcripts that were produced by a typist without reviewing them for accuracy and provided

the certificates to the typist to affix to the transcripts when completed. Testimony was not given in the other cases in light of the determinations made by the Court.

We determined serious concerns were raised in these cases. Based upon the record presented and the statements of the Court Reporter, there appeared to be questions of the accuracy and completeness of the transcripts which could only be resolved by the respective Trial Courts. Therefore, we remanded each case to the respective Trial Court for further evidentiary hearings to make findings of fact and conclusions of law. The Trial Courts were ordered to first determine whether the record presented was complete and accurate. If the record was defective, then a determination was to be made whether the record could be satisfactorily corrected. If the record was defective but could be completed, then the Trial Court was ordered to complete the record by appropriate methodology. One method would be to have the stenographic notes with the audio tapes transcribed by a different court reporter. The Trial Court was then ordered to certify the completeness and accuracy of the record.

Within sixty (60) days from June 21, 1993, the Trial Courts were ordered to (1) conduct hearings in each of the cases; (2) ensure the records were completed, if possible; (3) enter findings of fact and conclusions of law addressing the issues raised; and (4) file the transcripts and orders with this Court.

We remanded the matter of *Whitmire–Harris v. State*, Appeal No. F–91–1204, to the Honorable A.J. Henshaw, Associate District Judge, District Court of Sequoyah County, for an evidentiary hearing to determine the accuracy and completeness of the transcript as outlined above. The Court Reporter was ordered to deliver any and all of her stenographic notes and audio tapes in each case to the respective Trial Court on or before June 28, 1993.

A Transcript of Testimony and Proceedings of Evidentiary Hearing and a response with findings of fact and conclusions of law by Judge Henshaw were filed in this Court

September 10, 1993. On September 15, 1993, we issued a Notice that findings of fact and conclusions of law had been filed and allowed the Attorney General the opportunity to respond. A response was filed by the Attorney General on September 30, 1993. Counsel for Appellant filed a response September 30, 1993.

Judge Henshaw conducted an evidentiary hearing June 15, 1993. He reviewed copies of the trial transcripts at length while listening to the audio tapes, and made necessary corrections to those copies where errors were apparent. He reviewed certain parts of the copies of the trial transcript while a second court reporter read aloud from the stenographic notes submitted by the original Court Reporter. Judge Henshaw obtained the assistance of an expert in the recovery of inaudible and unintelligible sounds recorded on audio tapes and the use of the equipment designed for such purposes. He directed the original Court Reporter to retype the pages of the trial transcript where errors were apparent and corrections were denoted. The corrected pages were marked as Exhibit "A" and the Court Reporter informed Judge Henshaw those pages would be retyped and furnished to this Court by September 13, 1993. [Three envelopes containing single transcript sheets were received by the Clerk of this Court September 14, 1993.]

Upon completion of review of the audio tapes, stenographic notes and copies of the trial transcript, Judge Henshaw found the transcript contained errors and omissions. Certain parts of the audio tapes that were inaudible or unintelligible were recovered with the use of equipment that could filter or suppress background noise and could enhance or excite certain frequencies. However, the use of this equipment resulted in a very limited recovery of missing words in the transcript. The stenographic notes were of no benefit in retrieving missing words in the transcript.

Judge Henshaw concluded that due to the numerous inaudible, unintelligible, and missing words, the trial transcript was incomplete and a complete transcript of the

**1258** ▐▌

trial of *State v. Linda Whitmire–Harris* could not be obtained from the audio tapes or stenographic notes submitted by the Court Reporter.

The Attorney General, in her response, states that "[i]t appears that every possible effort has been made to determine whether the transcripts are or can be made to be complete and accurate. In spite of these efforts, Judge Henshaw has found that the transcript is not complete and that a complete transcription cannot be obtained. The State has no evidence to offer which would be contrary to Judge Henshaw's findings and has found no legal authority to contradict that presented by the Appellant."

Appellant, through her attorney of record, Mary S. Bruehl, in her response, moves this Court to reverse her conviction from Sequoyah County District Court, Case No. CRF–90–199, and remand the case for a new trial as Appellant has been denied her statutory right to a complete and accurate transcript. We agree.

Based upon the statements of counsel for Appellant, the response of the State and the Trial Court's findings of fact and conclusions of law following Judge Henshaw's independent review of the transcript and tapes, we order Appellant's conviction RE-VERSED and REMANDED for a new trial.

We compliment Judge Henshaw for his diligence and extraordinary efforts in attempting to secure a complete record in this case for appellate review. It is regrettable a trial judge has been required to expend so many hours of court time and personal effort in this elongated process.

Actions taken by this Court against the Court Reporter in this matter are addressed in a separate order.

IT IS SO ORDERED.

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/James F. Lane
JAMES F. LANE, Judge

/s/Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/Reta M. Strubhar
RETA M. STRUBHAR, Judge